IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Darryl L. Hunter, #268521, ) | |
| ) | |
| Petitioner, ) | C.A. No. 0:06-1765-HMH-BM |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Robert H. Mauney, Warden of ) | |
| Northside Correctional Institution; and ) | |
| Henry D. McMaster, Attorney General ) | |
| of South Carolina, ) | |
| ) | |
| Respondents. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Darryl L. Hunter ("Hunter") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  In his Report and Recommendation, Magistrate Judge Marchant recommends granting the Respondents' motion for summary judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Hunter is currently incarcerated in a facility operated by the South Carolina Department of Corrections ("SCDC").  In July 2000, Hunter was indicted for trafficking in

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

crack cocaine.  (PCR Appendix 101-02.)   Jack Lynn ("Lynn") was Hunter's pre-trial counsel.  On July 25, 2000, Hunter pled guilty.  (Id. 1-24.)  The trial court sentenced Hunter to 15 years' imprisonment.  (Id.)  Hunter appealed his conviction and sentence.

Tara S. Taggart ("Taggart") represented Hunter on appeal and filed an Anders brief raising the issue of whether the trial court erred in accepting Hunter's guilty plea.  (Id. 29.)  The South Carolina Court of Appeals affirmed Hunter's conviction on November 8, 2001, and granted Taggert's motion to be relieved as counsel.  (Id. 35-36.)  On December 11, 2001, the remittitur was sent down.

Hunter filed a pro-se application for post-conviction relief ("PCR") on November 19, 2001, which the PCR court orally denied on November 18, 2003, and dismissed in a written order dated December 16, 2003.   (PCR Appendix 39-48, 108-114.)  In his PCR application, Hunter alleged ineffective assistance of counsel, involuntary guilty plea, and that he was deprived of the right to a direct appeal.  (Id. 46-48.)

Tom Dunaway ("Dunaway") represented Hunter on appeal and filed a petition for writ of certiorari on November 3, 2004, which the South Carolina Supreme Court denied on February 2, 2006.  Dunaway argued that the circuit court erred in (1) "not finding that trial counsel erroneously advised [Hunter] to plead guilty, making [Hunter's] plea of guilty not knowingly, intelligently, and voluntarily entered into," and (2) "finding that first appellate counsel was effective when she failed to raise the issue of violation of [Hunter's] right to a speedy trial and the illegality of the search and seizure." (Petition 3.)   The South Carolina

Supreme Court denied Hunter's pro se petition for rehearing as untimely. On June 12, 2006, Hunter filed the instant petition pursuant to § 2254.[2]

In his petition, Hunter raised four grounds: (1) his trial counsel was ineffective; (2) the court lacked subject matter jurisdiction to convict him; (3) his guilty plea violated Rule 11 of the Federal Rules of Criminal Procedure; and (4) he was subjected to an illegal search and seizure in violation of the Fourth Amendment. (Hunter's § 2254 Pet. 6-11.)

## II. REPORT AND RECOMMENDATION

The Magistrate Judge recommended granting the Respondents' motion for summary judgment because (1) Hunter failed to meet his burden of showing that trial counsel or appellate counsel was constitutionally ineffective; (2) the subject matter jurisdiction claim is not cognizable in a federal habeas corpus action; (3) Hunter's guilty plea did not violate Rule 11 because his plea was voluntary and knowing; and (4) Hunter's voluntary guilty plea waived his illegal search and seizure claim.

## III. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element

---

[2]Houston v. Lack, 487 U.S. 266 (1988).

essential to that party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." <u>Id.</u> at 248.

Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). With respect to this burden, "it is the responsibility of the [nonmovant], not the court, to identify with particularity the evidentiary facts existing in the record which can oppose the [movant's] summary judgment motion." <u>Malina v. Baltimore Gas & Elec. Co.</u>, 18 F. Supp. 2d 596, 604 (D. Md. 1998).

### B.  Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Hunter has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'[A] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Humphries, 397 F.3d at 216 (quoting Williams, 529 U.S. at 410). "Thus, to grant [Hunter's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Objections to the Report and Recommendation

Hunter filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the

5

Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many Hunter's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims.  However, the court was able to glean three specific objections.  Hunter specifically objects to the Magistrate Judge's conclusions (1) that Lynn was not constitutionally ineffective; (2) that Hunter knowingly and voluntarily pled guilty; and (3) that Hunter has waived the Fourth Amendment illegal search and seizure claim by pleading guilty.

Hunter objects to some of the Magistrate Judge's conclusions regarding Hunter's ineffective assistance of counsel claims.  In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Hunter must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his counsel's deficient performance.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  With respect to the second prong, Hunter must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Hunter alleges that Lynn was ineffective for failing to file a motion to suppress the evidence received during a patdown search of Hunter.  Hunter alleges that he was patted down four times before the officers found any contraband.  "Police may conduct a patdown search without a warrant if, under the totality of the circumstances, the officer has an articulable,

6

reasonable suspicion that a person is involved in criminal activity and that he is armed." United States v. Raymond, 152 F.3d 309, 312 (4th Cir. 1998). "The reasonableness of the search is measured objectively. If a reasonably prudent person would believe that his safety, or the safety of others, is endangered, he may conduct a limited search of outer clothing to discover any weapons." Id.

The court finds that Lynn's failure to file a motion to suppress does not constitute ineffective assistance of counsel. "The decision not to file a motion to suppress is clearly a strategic decision by counsel." Bilal v. United States, No. CRIM.A. 2:00CR48, Civ.A. 2:01CV433, 2002 WL 32539620, at *5 (4th Cir. July 23, 2006) (unpublished). At the PCR hearing, Hunter's trial counsel testified that he would have pursued a motion to suppress had Hunter not pled guilty. (PCR Appendix 76-77, 86-87.) However, Lynn testified that in his opinion, based on the testimony at the preliminary hearing and Hunter's statements about the pat down, a motion to suppress the evidence would have been denied. (Id.)

The PCR judge did not find credible Hunter's testimony that he was patted down three times prior to finding crack cocaine. "Credibility determinations, such as those the state PCR court made regarding [Hunter], are factual determinations." Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir. 2003). "As such, they are presumed to be correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding." Id. (internal quotation marks omitted). Hunter has failed to produce clear and convincing evidence that he was patted down four times. The record indicates that the officers observed a lump in

Hunter's pants and discovered the crack cocaine after patting down Hunter.  (PCR Appendix 16-17, 77-79, 86-87.)   Lynn's strategic decision not to file a motion to suppress did not constitute ineffective assistance of counsel.  Based on the foregoing, Hunter's objection is without merit.

Moreover, even assuming that the patdown of Hunter was illegal, Lynn was in no way ineffective for failing to move to suppress the statement, because Hunter pled guilty. Therefore, there was never any need for Lynn to file a motion to suppress the statement. Lynn testified that he believed that the motion to suppress would be denied.  However, Lynn was prepared to file a motion to suppress if Hunter proceeded to trial.

In addition, Hunter's argument that his plea was not voluntary and knowing is without merit.  The PCR judge found that Hunter's guilty plea was knowingly and voluntarily made, and that his guilty plea was not rendered involuntary as a result of the ineffective assistance of counsel.  (Id. 112-13.)   The court finds the PCR court's decision was not contrary to, nor did it involve an unreasonable application of clearly-established federal law as determined by the Supreme Court of the United States.

"[I]n order to be valid, a plea of guilty must be knowingly and voluntarily made." Sargent v. Waters, 71 F.3d 158, 161 n.2 (4th Cir. 1995).  "A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge and constitutes an admission of all material facts alleged in the charge."  United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal quotations marks omitted).  A review of Hunter's testimony during his guilty plea reveals that he knowingly and voluntarily pled guilty.  During the plea colloquy, Hunter testified that Lynn had explained the charges to him and that he understood

the possible punishments and his constitutional rights. (PCR Appendix 7-8.) Hunter testified that he understood that by pleading guilty, he was giving up the right to subpoena and call witnesses and the right to pursue any possible defenses. (Id. 8-10.) Hunter stated that he understood the charges and the possible sentence, including the maximum possible penalty. Moreover, Hunter admitted that he was guilty of the charges. (Id. 11-12.) Hunter testified that he was satisfied with Lynn's advice and representation, that he had no complaints of his lawyer, and that he did not need additional time to decide whether he wished to plead guilty. (Id. 13-15.)

Further, Hunter's claim that he was prejudiced because his guilty plea was involuntary as a result of ineffective assistance of counsel is without merit. "To attack the plea [based on the ineffective assistance of counsel], [Hunter] must show that the advice he received was not within the range of competence demanded of attorneys in criminal cases." Via v. Superintendent, Powhatan Corr. Center, 643 F.2d 167, 173 (4th Cir. 1981) (internal quotation marks omitted). Lynn testified at Hunter's PCR hearing that Hunter made the decision to plead guilty after talking with Lynn at length. Lynn testified that he was prepared to take Hunter's case to trial. (PCR Appendix 79.) With respect to any defenses, Lynn testified that there were no strong witnesses aiding the defense. (Id.) In addition, Lynn testified that as result of plea negotiations, the prosecutor agreed to recommend a fifteen-year sentence. (Id. 78.) According to Lynn, Hunter made the decision to plead guilty in front of his sister and father. (Id. 77-79, 86-87.)

Moreover, as set forth above, the decision whether to file a motion to suppress prior to pleading guilty was a strategic one, which does not constitute ineffective assistance of counsel.

Based on the foregoing, there is no evidence that Lynn's advice to plead guilty constituted ineffective assistance of counsel.

Finally, by entering his knowing, voluntary, and counseled guilty plea, Hunter waived his Fourth Amendment search and seizure claim. See Tollett v. Henderson, 411 U.S. 258, 267 (1973).

The court is unable to discern any other specific objections to the Magistrate Judge's Report and Recommendation. Nonetheless, after a review of the entire record, the court finds that the decisions of the state courts related to Hunter's direct appeal and PCR action are neither in violation of clearly-established federal law nor unreasonable. Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Marchant's Report and Recommendation.

It is therefore

**ORDERED** that the Respondents' motion for summary judgment, docket number 7, is granted, and Hunter's § 2254 habeas petition is dismissed with prejudice. It is further

**ORDERED** that Hunter's motion to suppress, docket number 16, is denied as moot.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
February 14, 2007

**NOTICE OF RIGHT TO APPEAL**

The petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.